## Tecocoatzi-Ortiz v Just Salad 600 Third LLC

2025 NY Slip Op 31450(U)

April 23, 2025

Supreme Court, New York County

Docket Number: Index No. 656657/2022

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. ARLENE P. BLUTH**                        PART                   14

                                           *Justice*

-------------------------------------------------------------------------------X

RODOLFO TECOCOATZI-ORTIZ, NEFTALI BATEN, CAMILO RAMOS FLORES, OMAR RAUL ZAPOTITLAN SANCHEZ, REYMUNDO MOLINA MEDEL, BERNALDO TLACZANI CARRANZA, DARIO FERNANDEZ GUTIERREZ,

| | |
|---|---|
| INDEX NO. | 656657/2022 |
| MOTION DATE | 04/07/2025 |
| MOTION SEQ. NO. | 005 |

                         Plaintiffs,

                             - v -

JUST SALAD 600 THIRD LLC,JUST SALAD 134 37TH ST. LLC,JUST SALAD 315 PAS LLC,JUST SALAD 320 PARK AVE LLC,JUST SALAD 30 ROCK LLC,JUST SALAD 706 6TH AVE LLC,JUST SALAD WWP LLC,JUST SALAD 663 LEX LLC,JUST SALAD 8TH ST LLC,JUST SALAD 1471 3RD AVE LLC,JUST SALAD 1ST AVENUE LLC,JUST SALAD HUDSON SQUARE LLC,JUST SALAD 90 BROAD STREET LLC,JUST SALAD 223 BROADWAY LLC

**DECISION + ORDER ON MOTION**

                         Defendants.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 005) 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242

were read on this motion to/for                   JUDGMENT - SUMMARY                   .

        Defendants' motion for summary judgment is granted.

**Background**

        In this wage and hour case, defendants seek summary judgment dismissing the remaining claims. This Court previously dismissed various causes of action in NYSCEF Doc. No. 85 and limited the claims to those accruing after August 14, 2012 for all plaintiffs except for plaintiff Gutierrez, whose claims were limited to those after November 21, 2012. The earlier claims were dismissed as time barred.

**656657/2022   TECOCOATZI-ORTIZ, RODOLFO ET AL vs. JUST SALAD 600 THIRD LLC ET AL    Page 1 of 9**
**Motion No.  005**

1 of 9

[* 1]

All plaintiffs worked as deliverymen for Just Salad at various Just Salad locations. Plaintiffs make numerous claims about defendants' purported failure to pay overtime wages. This is the third time plaintiffs have brought these claims—the first two were commenced in federal court.

Defendants contend that the remaining causes of action at issue include the first cause of action for failure to pay minimum wage, the fourth claim for failure to provide wage statements pursuant to the Labor Law, the sixth claim for failure to pay uniform maintenance and the eighth for "on the road reimbursement." Defendants insist that plaintiffs were paid the proper wages and received the proper notices. They admit that plaintiffs were employed as delivery persons for various Just Salad locations from 2009 through 2018. Defendants allege that each employee is given a handbook that outlines the company's policy regarding the tip credit. They stress the following section:

> "Federal and state law permits the Company to take a tip credit toward the minimum hourly wages paid to certain tipped employees. Therefore, in consideration of the additional tip income received by service staff, the Company takes a tip credit with respect to the hourly rate paid directly to such employees. As a result, the hourly rate paid directly to such employees by the Company is less than the standard statutory minimum hourly wage rate. (The difference between the hourly wage rate paid directly by the Company and the minimum hourly wage rate is known as a tip credit.) However, this credit cannot exceed the tips the tipped employee actually receives and in no case will an employee's total compensation, including hourly wages and tips, be less than the statutory minimum hourly wage rate" (NYSCEF Doc. No. 199 at 9).

Defendants insist that they took steps to ensure that delivery workers performed primarily deliveries and did not do "non-tipped" work in excess of 15% of their time. They attach a direct email to workers requesting that they inform defendants in the event that they were spending more than 20% of their time on non-delivery related duties (NYSCEF Doc. No. 169 [emails concerning this issue]). Defendants observe that a tip credit is available for employers when the

656657/2022   TECOCOATZI-ORTIZ, RODOLFO ET AL vs. JUST SALAD 600 THIRD LLC ET AL          Page 2 of 9
Motion No.  005

2 of 9

[* 2]

employer supplies proper notice and employees spend less than 20% of a shift doing non-tipped work. Defendants contend that after they hired a delivery person, this individual was expressly told that defendants would be taking a tip credit against the minimum wage and that the tips would be paid each week after the payroll department completed its calculation. Defendants maintain that on each paycheck, the tip credit was specifically highlighted.

Defendants argue that the available evidence shows the plaintiffs were paid properly and emphasize that none of the plaintiffs kept track of the amount of time they expended doing non-tipped work. They insist that, therefore, any arguments about the amount of non-tipped work is merely speculative.

As for the other claims, defendants contend that the uniform maintenance cause of action is without merit because the uniforms provided were t-shirts, which could easily be maintained through routine laundering. With respect to the "on the road" claim, defendants observe that each of the plaintiffs used bicycles or electric bicycles and so the requested reimbursement for gasoline, vehicle depreciation and maintenance is meritless.

In opposition, plaintiffs contend that the tip credit notifications from defendants are beset with issues. They emphasize that defendants did not provide copies of employee handbooks in Spanish (or at all), did not provide wage notices and failed to tell plaintiffs of changes in their underlying wage rates and tip credits. Plaintiffs all attach affidavits from 2021 (before this action began) in connection with a federal case motion for class certification. They emphasize that they all received take-home pay at rates less than the minimum wage. Plaintiffs also contend that they worked more than 20 percent of their day on non-tipped work.

**656657/2022   TECOCOATZI-ORTIZ, RODOLFO ET AL vs. JUST SALAD 600 THIRD LLC ET AL**          **Page 3 of 9**
     **Motion No.  005**

3 of 9

[* 3]

In reply, defendants contend that the plaintiffs did not dispute that they each received notifications that defendants were applying the tip credit to the minimum wage and stress that each plaintiff admitted to keeping their tips.

**Discussion**

"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. Failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers. Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324, 508 NYS2d 923 [1986]).

*Minimum Wage Tip Credit*

Plaintiffs did not dispute that they were paid in accordance with the applicable statutes permitting defendants to take a tip credit. Instead, according to plaintiffs, "the crux of this case is whether Defendants were entitled to tip credits" (NYSCEF Doc. No. 216 at 14).

"Both the FLSA and the NYLL permit an employer to pay a tipped worker a cash wage that is lower than the statutory minimum wage, provided that the cash wage and the employee's tips, taken together, are at least equivalent to the minimum wage. This allowance against the minimum cash wage is known as a 'tip credit'" (*Gamero v Koodo Sushi Corp.*, 272 F Supp 3d 481, 500 [SD NY 2017], affd, 752 Fed Appx 33 [2d Cir 2018] [internal quotations and citations omitted]). "[W]hen an employee performs both tipped and untipped work, the question of whether an employer is entitled to apply a tip credit for minimum wage purposes turns on

**656657/2022  TECOCOATZI-ORTIZ, RODOLFO ET AL vs. JUST SALAD 600 THIRD LLC ET AL**       **Page 4 of 9**
**Motion No.  005**

[* 4]

4 of 9

whether the employee spends more than twenty percent of his or her workweek performing non-tipped work. If so, the employer is not entitled to apply a tip credit, and must pay that employee the full minimum wage" (*id.* [internal quotations and citations omitted]).

At his deposition, plaintiff Tecocoatzi-Ortiz admitted that he never kept track of how much time he spent cleaning the Just Salad location where he worked, but he acknowledged that his job was to make deliveries (NYSCEF Doc. No. 172 at 20). He also noted that during the afternoon, when he worked, there were only three delivery people working (*id*). The other plaintiffs also acknowledge that they did not keep track of how much time they spent on non-delivery work (i.e., non-tipped work) (*see* NYSCEF Doc. Nos. 173 at 25-26; Doc. No. 174 at 18; 175 at 29; Doc. No. 176 at 24; Doc. No. 177 at 23).

The Court certainly recognizes that it is probably unrealistic to fault plaintiffs for not maintaining meticulous records of all of their daily activities while working for defendants. But even their own estimations about their non-tipped activities do not create an issue of fact with regard to the percentage of time spent on non-tipped work. Plaintiff Gutierrez testified that he would spend about 10 to 15 minutes cleaning and preparing prior to making deliveries (NYSCEF Doc. No. 177 at 23). Plaintiff Sanchez observed that he usually arrived at 10:00 and would then handle the garbage and clean tables before starting to make deliveries about 10:30 or 11 (NYSCEF Doc. No. 175 at 27-28). Defendants persuasively detail how, according to each plaintiffs' testimony, there is no way to conclude that plaintiffs spent more than 20 percent of their time on non-tipped work (NYSCEF Doc. No. 214 at 11-12).

In other words, while it is clear that plaintiffs performed some non-tipped tasks, such as cleaning, there is no sufficient evidence on this record to raise an issue of fact that they spent

656657/2022  TECOCOATZI-ORTIZ, RODOLFO ET AL vs. JUST SALAD 600 THIRD LLC ET AL                Page 5 of 9
Motion No.  005

[* 5]                                          5 of 9

more than 20 percent of their time on these tasks based on their deposition testimony and the fact that they kept no records.

The Court declines to consider the affidavits from plaintiffs that were drafted prior to the commencement of this action for a prior federal action. Plaintiffs cannot create an issue of fact by including conclusory submissions from years ago in a different case; moreover, the affidavits relate to a motion for class certification in federal court, a motion which was denied. Instead, the Court focused on the sworn depositions given in this case.

Also included in the defendants' moving papers are receipts indicating that plaintiffs received the employee handbook which, as noted above, clearly explains the tip credit policy (NYSCEF Doc. Nos. 200-205 [signed employee handbook receipts]). Also included are tip credit notifications for four of the plaintiffs (NYSCEF Doc. Nos. 206-209) as well as payrate notifications that clearly show that defendants were taking a tip credit (NYSCEF Doc. Nos. 210-213).

In sum, defendants met their burden on a motion for summary judgment to show that they complied with the relevant requirements to take the aforementioned tip credit and that plaintiffs did not work more than 20 percent of their time on non-tipped tasks. Plaintiffs failed to raise an issue of fact as their opposition was largely based on vague estimates about how they spent their time. Plus, plaintiffs did not sufficiently contest the fact that they were paid properly.

The Court also observes that, as defendants argue, plaintiff Carranza's claims are all time-barred as he last worked for Just Salad in 2011 and so his claims are severed and dismissed.

*The Labor Law § 195 Notices*

Defendants correctly point out that certain of these notices are time-barred as plaintiff Ortiz started work in May 2011, Medel in February 2009 and Gutierrez in 2010. This Court

**656657/2022  TECOCOATZI-ORTIZ, RODOLFO ET AL vs. JUST SALAD 600 THIRD LLC ET AL**          **Page 6 of 9**
  **Motion No.  005**

6 of 9

[* 6]

previously dismissed any such claims accruing prior to August 12, 2012 (NYSCEF Doc. No. 85 at 14). And the Court finds, based upon defendants' showing, that the remaining plaintiffs all received the proper Labor Law § 195 notices (*see* NYSCEF Doc. Nos. 210-213 [payrate notifications]). Therefore, this cause of action is severed and dismissed.

*Uniform Maintenance*

"Under New York law, employers are typically required to pay 'uniform maintenance pay' for the maintenance of their employees' required uniforms" (*Camara v Kenner*, 16-CV-7078 (JGK), 2018 WL 1596195, at *13 [SD NY Mar. 29, 2018]). However, the law provides a "wash and wear exception," which provides that:

> An employer will not be required to pay the uniform maintenance pay, where required uniforms
> (1) are made of "wash and wear" materials;
> (2) may be routinely washed and dried with other personal garments;
> (3) do not require ironing, dry cleaning, daily washing, commercial laundering, or other special treatment; and
> (4) are furnished to the employee in sufficient number, or the employee is reimbursed by the employer for the purchase of a sufficient number of uniforms, consistent with the average number of days per week worked by the employee" (12 NYCRR 146-1.7[b]).

The uniform here—t-shirts—clearly falls under the wash and wear exemption as there is no evidence that the t-shirts had to be washed separately or required special care, such as dry cleaning. Plaintiffs each received at least two t-shirts and plaintiff Ortiz testified that he washed his shirts once a week when it was cold and twice when it was warm outside (NYSCEF Doc. No. 172 at 34). Plaintiff Baten claimed he washed his t-shirts once a week (NYSCEF Doc. No. 173 at 33). Plaintiff Gutierrez testified that he washed his t-shirts while doing other laundry (NYSCEF Doc. No. 177 at 29).

Simply put, nothing about the uniforms suggest that defendants were required to pay uniform maintenance for t-shirts that could be easily washed along with other laundry. This is

**656657/2022   TECOCOATZI-ORTIZ, RODOLFO ET AL vs. JUST SALAD 600 THIRD LLC ET AL**          **Page 7 of 9**
  **Motion No.  005**

[* 7]

7 of 9

not a situation in which plaintiffs were forced to wear uniforms that were "dry clean only" or where they were routinely exposed to substances that made it unwise to wash alongside other clothes (such as chemicals or oil).

*On the Road Claim*

The final cause of action at issue is the eighth cause of action, which alleges that "Defendants required their delivery experts to maintain and provide a safe, functioning, insured and legally-operable automobile to make deliveries" (NYSCEF Doc. No. 1, ¶¶ 325-327). It is undisputed that plaintiffs used bicycles or battery-operated bicycles to make deliveries. Obviously, plaintiffs are not entitled to the claimed mileage reimbursement for gasoline where, as here, they did not submit any evidence that they ever expended resources on gasoline.

The Court observes that it previously dismissed plaintiffs' claim for implied breach of contract concerning the purchase of a bicycle (NYSCEF Doc. No. 85 at 10-11) and so plaintiffs' attempt in opposition to, once again, argue about purchasing bicycles is without merit. As defendants pointed out in reply, plaintiffs cannot modify this cause of action in opposition to a motion for summary judgment. The fact is that this claim is premised on mileage reimbursement for cars and it is wholly inapplicable to plaintiffs, who used bicycles.

Accordingly, it is hereby

**656657/2022   TECOCOATZI-ORTIZ, RODOLFO ET AL vs. JUST SALAD 600 THIRD LLC ET AL**          **Page 8 of 9**
**Motion No.  005**

8 of 9

ORDERED that defendants' motion for summary judgment is granted and the Clerk is directed to enter judgment in favor of defendants and against plaintiffs along with costs and disbursements upon presentation of proper papers therefor.

| | | |
|---|---|---|
| 4/23/2025 | | |
| **DATE** | | **ARLENE P. BLUTH, J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | ☐ DENIED | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | ☐ | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**656657/2022  TECOCOATZI-ORTIZ, RODOLFO ET AL vs. JUST SALAD 600 THIRD LLC ET AL**
**Motion No. 005**

Page 9 of 9

[* 9]